UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
                                          :
UNITED STATES OF AMERICA,                 :
                                          :     10 Cr. 464 (KBF)
        -v-                               :
                                          :     MEMORANDUM OPINION
BRUNO KRASNIQI and SAIMIR KRASNIQI,       :         & ORDER
                                          :
                    Defendants.           :
                                          :
------------------------------------------X

KATHERINE B. FORREST, District Judge:

    After a one month trial of brothers Bruno and Saimir Krasniqi, the jury rendered guilty verdicts on 11 of 11 counts, including two counts of murder, several counts of racketeering, a narcotics conspiracy, a robbery conspiracy, possession and use of firearms in connection with a narcotics conspiracy, kidnapping, possession and use of a firearm in connection with kidnapping, conspiracy to obstruct justice and obstruction of justice. The Court provided defendants with sixty days within which to file any post-trial motions. (Tr. at 3426-27.)

    On February 13, 2012, counsel for Saimir Krasniqi submitted a letter to the Court in which he stated, "Saimir Krasniqi will not be filing written motions. Rather, we renew[] our motions made orally at trial pursuant to Federal Rules of Criminal Procedure 29 and 33. . . . [C]ounsel for Bruno Krasniqi[] joins me in this letter." (Dkt No. 358) The letter contained no argument regarding any one of the 11 counts, no statement

regarding why the evidence was insufficient to fulfill a required element for any count or any statement as to why the interests of justice require a new trial. Counsel for both Bruno and Saimir Krasniqi made initial Rule 29 motions at the close of the evidence on November 30, 2011. (Tr. at 2890-2901.) The Court denied those motions at that time. (Tr. at 2901.)

Between the end of the trial and the decision on this motion, this matter was transferred from Judge Holwell, who presided over the trial and subsequently left the bench, to Judge Forrest. This Court has reviewed the entire trial transcript for this matter.

The motions made by letter pursuant to Rules 29 and 33 of the Federal Rules of Criminal Procedure are DENIED. The evidence as to each of the 11 counts was certainly sufficient to support the jury's verdict and the interests of justice do not require a new trial.

THE RULE 29 MOTION

Rule 29 of the Federal Rules of Criminal Procedure provides that a court may set a verdict aside if it finds that the evidence at trial was "insufficient to sustain a conviction." A defendant seeking to set aside a verdict on this basis "bears a heavy burden." See United States v. Jackson, 335 F.3d 170, 180 (2d Cir. 2003). In reviewing such a motion, the Court views the evidence "in the light most favorable to the Government and

2

draw[s] all reasonable inferences in its favor." United States v. Autuori, 212 F.3d 105, 108 (2d Cir. 2000). The jury verdict must be upheld if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Dhinsa, 243 F.3d 635, 648 (2d Cir. 2001) (emphasis in original).

Here, the transcripts of the proceedings contain more than sufficient evidence to support any rational juror's finding of the essential elements of each of the 11 counts beyond a reasonable doubt: inter alia, documentary evidence confirms and supports multiple, confirming first-hand accounts from co-conspirator cooperating witnesses. Counsel for defendant Saimir Krasniqi, in making the Rule 29 motion at trial for his client and defendant Bruno Krasniqi (whose counsel had joined the motion, but left the courtroom), focused on three racketeering acts: Racketeering Acts Nine (which only applied to Saimir Krasniqi), Ten and Eleven.[1]

With respect to Racketeering Act Nine--the kidnapping of Victim-3--this Court concludes that any rational trier of fact could have found, based on the testimony of Elton Sejdaris ("Sejdaris") (see e.g., Tr. at 342-43) and Arben Dinkollari (the victim of the kidnapping) (see e.g., Tr. at 1344-55), the

---

[1] The letter "renewing" the prior Rule 29 motion refers back to the arguments made in support of that motion at trial. (Dkt No. 358.) This Court therefore considers those arguments as being made on this motion.

3

essential elements of that crime beyond a reasonable doubt. The same is true for Racketeering Act Ten: in light of the testimony of Sejdaris (see e.g., Tr. at 483-85) and Almir Rrapo (see e.g., Tr. at 2402), this Court concludes that a rational trier of fact could have found the essential elements of Racketeering Act Ten--the kidnapping of Victim-4--beyond a reasonable doubt. Moreover, Sejdaris's testimony with regard to defendants' participation in the extortion conspiracy charged in Racketeering Act Eleven (see e.g., Tr. at 2325) leads this Court to conclude that a rational trier of fact could have found the essential elements of the conspiracy beyond a reasonable doubt.

THE RULE 33 MOTION

Federal Rule of Criminal Procedure 33 allows a court to grant a defendant's request for a new trial when the "interest of justice so requires." Fed. R. Crim. P. 33(a). A court's authority to grant a new trial must be exercised "sparingly" and only in "the most extraordinary of circumstances." United States v. Ferguson, 246 F.3d 129, 134 (2d Cir. 2001). The test is whether allowing the verdict to stand would result in a "manifest injustice." Id. at 134.

This Court's review of the entire trial record provides no basis for an argument that a new trial would be in the interests of justice. Indeed, counsel for the defendants have not

themselves raised any particular fact or circumstance that they believe supports a request for a new trial.

CONCLUSION

For the reasons set forth above, this Court denies defendants' requests for acquittal or a new trial.

Sentencing for both defendants will occur on June 1, 2012, at 11:00 a.m. Defendants' pre-trial submissions are due May 18, 2012; the Government's submission is due May 25, 2012.

SO ORDERED.

Dated:   New York, New York
         February 23, 2012

_____
KATHERINE B. FORREST
United States District Judge