AO 248 (Rev. 08/20) ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/2/2022

UNITED STATES OF AMERICA

Case No. 1:10-cr-464

v.

ORDER ON MOTION FOR
SENTENCE REDUCTION UNDER
18 U.S.C. § 3582(c)(1)(A)

BRUNO KRASNIQI

(COMPASSIONATE RELEASE)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

  ☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____ . If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

  ☐ Time served.

  If the defendant's sentence is reduced to time served:

    ☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made,

and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of _____ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing. The court DIRECTS the United States Attorney to file a response on or before _____, along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED (Optional)

The Court has considered Bruno Krasniqi's application for compassionate release and its supporting materials, Dkt. No. 565 (the "Application"), as well as the materials presented to the Court in connection with his sentencing that have been filed on the public docket of this case. The Court recognizes that the "First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020). Mr. Krasniqi has not met his burden to show extraordinary and compelling circumstances in support of his application for his compassionate release. Mr. Krasniqi points to several factors to justify a finding that extraordinary and compelling circumstances should lead to a reduction in his sentence. First, he notes that his sentence (five concurrent life sentences plus 55 years) seems to him to be disproportionately high compared to the sentences imposed on other murderers. Application at 2-4. He also notes that conditions in his native Albania have improved since he left the country to the United States, and that he is subject to deportation if released. Id. at 1, 4. He

states that his family continues to support him and that they "would like to have him home in Albania." Id. at 8. He points to the possibility that his parents will become ill from COVID-19 or other ailments as they age, particularly given his father's health issues. Id. at 6-8 ("Krasniqi is one of only two siblings whom could provide the type of care either parent would need should they contract this deadly virus."). Mr. Krasniqi views his parent's need for his support should they become ill in the future as an extraordinary or compelling circumstance that warrants his early release. And his release from prison would "bring much pleasure and joy to his parents whom have suffered much pleasure and joy to his parents whom have suffered tremendously throughout Krasniqi's incarceration due to his absence, to have grandchildren." Id. at 10. Mr. Krasniqi points to the difficult circumstances associated with life in prison, particularly during the pandemic. Id. at 8. And finally, Mr. Krasniqi points to his efforts at rehabilitation while in prison. He asserts that he has had no incident reports "since they day of his arrest more than 12 years ago on J[u]ne 9, 2010," id. at 9, as well as a variety of other positive steps that he has taken during his years in prison. The Court has fully considered all of the evidence and arguments presented by Mr. Krasniqi and finds none of them individually, nor all of them collectively, to constitute extraordinary and compelling justification for his early release. The fact of his separation from his family, and that he will not be present in their lives to aid them should they become ill in the future, are not extraordinary--they are the ordinary consequences of imprisonment as the result of a conviction for the commission of a crime. Mr. Krasniqi's contention that his sentence for his suite of terrible crimes, including murder, is greater than that for his co-defendants who did not proceed to trial, or for other criminals, also does not constitute an extraordinary or compelling reason for his release. As Mr. Krasniqi's application acknowledges, his efforts to rehabilitate himself in prison, while commendable, do not, on their own, justify his early release.

Moreover, after evaluating the factors set forth in 18 U.S.C. § 3553(a), the Court does not believe that a modification of Mr. Krasniqi's sentence is appropriate at this time. Mr. Krasniqi is serving multiple life sentences after having been convicted at trial of a series of terrible crimes, including murder, robbery, racketeering, conspiracy to distribute an illegal substance, and obstruction of justice. Releasing him after something over 12 years of imprisonment would be at odds with the sentencing factors: it would not constitute a just punishment, nor achieve many of the other purposes of sentencing, including general and personal deterrence. The Court does not believe that a reduction in the defendant's sentence is appropriate at this time.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 565 and to mail a copy of this order to Mr. Krasniqi.

☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

IT IS SO ORDERED.

Dated:

October 2, 2022

                                                GREGORY H. WOODS
                                    UNITED STATES DISTRICT JUDGE