```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                               :
    UNITED STATES OF AMERICA,                                  :
                                                               :
                                                               :
                           -against-                           :       1:10-cr-464-GHW
                                                               :
                                                               :
    BRUNO KRASNIQI,                                            :           ORDER
                                                               :
                                       Defendant.              :
-------------------------------------------------------------- X
```

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: 11/13/2022

GREGORY H. WOODS, United States District Judge:

On October 2, 2022, the Court entered an order denying Bruno Krasniqi's request for compassionate release. Dkt. No. 566 (the "Order"). The Court wrote the Order in response to an application submitted by Mr. Krasniqi the prior month. Dkt. No. 565. The Court did not solicit the views of the United States regarding Mr. Krasniqi's application before entering the Order because the Court did not require the feedback of the Government in order to evaluate the merits of Mr. Krasniqi's application.

As described in the Order, the Court evaluated the information presented by Mr. Krasniqi and concluded that his early release was not appropriate. The Order describes the reasons for the Court's decision. Those reasons included an assessment of the factors under 18 U.S.C. § 3553(a). The Court concluded that early release for Mr. Krasniqi, who is serving multiple life sentences for a number of serious crimes, including murder, was inappropriate. Mr. Krasniqi's notice of appeal with respect to that decision was docketed on October 17, 2022. Dkt. No. 567.

On October 26, 2022, Mr. Krasniqi filed a motion seeking relief from the Order under Rule 60(b) of the Federal Rules of Civil Procedure. Dkt. No. 569 (the "Motion"). In support of the Motion, Mr. Krasniqi filed a separate memorandum of law further describing the rationale for his application. Dkt. No. 570. Because he is proceeding *pro se*, the Court construes Mr. Krasniqi's

submissions liberally to "raise the strongest arguments they suggest." *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007).

Read liberally, the Motion raises a request for reconsideration of the Court's decision to deny him compassionate release as well as a request for modification of the Order under Rule 60(b) of the Federal Rules of Civil Procedure. Mr. Krasniqi has also requested that the Court grant him extension of the deadline for him to appeal the Order. Mr. Krasniqi's motion to modify the Order is denied because Mr. Krasniqi has not established sufficient justification for a modification of the Court's determination that he should not be released early. However, the Court grants Mr. Krasniqi's application for an extension of the deadline to file a notice of appeal because the docket does not show that the Clerk of Court complied with the Court's direction to mail the Order to Mr. Krasniqi.

"Because the Federal Rules of Criminal Procedure do not specify the standards governing a motion to reconsider, the Court turns, as it has in the past and in accordance with other courts in the Southern District of New York, to Local Civil Rule 6.3 ('Local Rule 6.3') for the appropriate standard for reconsideration of a decision in a criminal matter." *United States v. Hayward*, No. 05 CR. 390 (SHS), 2006 WL 1559359, at *1 (S.D.N.Y. June 5, 2006) (*citing United States v. Ramirez*, No. 03 Cr. 834, 2004 WL 1252940, at *1 (S.D.N.Y. June 7, 2004); *United States v. Delvi*, No. 01 Cr. 74, 2004 WL 235211, at *1 (S.D.N.Y. Feb. 6, 2004); *United States v. Mottley*, No. 03 Cr. 303, 2003 WL 22083420, at *1 (S.D.N.Y. Sept. 9, 2003). "Reconsideration of a court's previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Parrish v. Sollecito*, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003) (internal quotation marks omitted). Local Rule 6.3 requires that motions for reconsideration be filed within 14 days "after the entry of the Court' s determination." Even in the criminal context, untimely motions for reconsideration "can be denied on [that] basis alone. " *United States v. Yannotti,* 457 F. Supp. 2d 385, 390 (S.D.N.Y.

2006); *see United States v. Nelson*, 2011 WL 2207584 (S.D.N.Y. June 3, 2011). "Under Local Rule 6.3, the moving party must 'point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *United States v. Almonte,* No. 14 CR. 86 KPF, 2014 WL 3702598, at *1 (S.D.N.Y. July 24, 2014) (*quoting Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 256-57 (2d Cir. 1995) (observing that the standard for granting motions for reconsideration is " strict")). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quotation and quotation marks omitted).

Federal Rule of Civil Procedure 60(b) provides that the court may relieve a party from a final judgment for one of six reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is not linger equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b)(6) is "properly invoked only when there are extraordinary circumstances justifying relief, when the judgment may work an extreme and undue hardship, and when the asserted grounds for relief are not recognized in clauses (1)-(5) of the Rule." *Ritchie Capital Mgmt., L.L.C. v. Coventry First LLC*, No. 07CV3494 (DLC), 2016 WL 6952248, at *4 (S.D.N.Y. Nov. 28, 2016) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 63 (2d Cir. 1986)).

Mr. Krasniqi's Motion does not provide a sufficient justification for the Court to reconsider its decision to deny him compassionate release. Mr. Krasniqi identifies no "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent

manifest injustice." *Virgin Atlantic Airways, Ltd.*, 956 F.2d at 1255. Mr. Krasniqi appears to view the fact that the Government did not file an opposition to his motion to demonstrate that the Government consented to his early release. Mr. Krasniqi's perspective, which is generously described as unwarrantedly optimistic, is both irrelevant and incorrect. The Court did not request the Government's feedback regarding Mr. Krasniqi's application for compassionate release because the Court did not require the Government's feedback to evaluate the merits of the Motion. Because the Court did not request the Government's view of the Motion, it is not reasonable to view the fact that the Government did not file an opposition to the Motion as equivalent to its consent to the release of Mr. Krasniqi, a convicted murderer who is serving multiple life sentences.

Mr. Krasniqi also could be understood to argue that he believes that he was entitled to the opportunity to review an opposition by the Government, so that he could bolster his Motion in response to any arguments presented in the opposition. That argument has no merit. "It is well settled in the Second Circuit that a party may not raise an argument for the first time in his reply brief." *Morgan v. McElroy*, 981 F. Supp. 873, 876 n. 3 (S.D.N.Y. 1997). The Court could properly expect that all of Mr. Krasniqi's arguments in support of his application would be made in it, rather than being held in reserve for a reply.

Mr. Krasniqi's Motion points back to arguments that he made previously about his father's advanced age and underlying health conditions placing his father at greater risk from COVID-19. This is not a new argument that the Court did not consider previously. It remains meritless, however. Mr. Krasniqi's father's possible future health conditions do not provide exceptional circumstances for Mr. Krasniqi's release. Fundamentally, Mr. Krasniqi is in prison for life as a result of his criminal conduct. The consequence of the criminal conduct that resulted in that sentence is that Mr. Krasniqi is not available to help his father as he ages. That Mr. Krasniqi is separated from his family and unable to render them assistance as a result of his sentence is not an extraordinary or

compelling reason for Mr. Krasniqi to be released early. Similarly, the Court sees no merit in Mr. Krasniqi's arguments regarding an alleged disparity in his 924(c) sentence. Among other things, Mr. Krasniqi's sentence for his offense under 18 U.S.C. § 924(c) is in addition to his multiple concurrent life sentences for his other offenses, as the Court discussed at length in a prior opinion in this case. *See United States v. Krasniqi*, No. 1:10-CR-464-GHW, 2022 WL 2663826, at *1 (S.D.N.Y. July 8, 2022). Mr. Krasniqi's Motion and supporting memorandum of law do not provide any basis for the reconsideration of the Court's decision.

Nor does the Motion provide a basis for modification of the Order pursuant to Rule 60(b). Mr. Krasniqi's invocation of Rule 60(b) is based on the contention that the "Court[']s failure to notify him when the Government did not oppose his motion prejudiced him and is 'excusable neglect' under Rule 60(b)(1)." Motion at 2. As described above, that the Government did not file an opposition to Mr. Krasniqi's Motion is not reasonably construed as a decision by the Government to consent to his early release. The Court was able to evaluate Mr. Krasniqi's application on the merits without the need for a response from the Government, and, therefore, did not request the Government's views. That Mr. Krasniqi was not notified of the absence of an opposition was not neglect. Nor is any of the other provisions of 60(b) properly invoked on the basis of the arguments presented by Mr. Krasniqi. None of the arguments presented by Mr. Krasniqi justify modification of the Court's Order.

Under Federal Rule of Appellate Procedure 40(b)(1), a notice of appeal must be filed within 14 days of the entry of the order being appealed. Fed. R. App. P. 40(b)(1)(A)(i). Rule 4(b)(4) of the Federal Rules of Appellate Procedure allows the district court to extend a defendant's time to file a notice of appeal by thirty days. The rule provides that "[u]pon a finding of excusable neglect or good cause, the district court may—before or after the time has expired, with or without motion and notice—extend the time to file a notice of appeal for a period not to exceed 30 days from the

5

expiration of the time otherwise prescribed by this Rule 4(b)." Fed. R. App. P. 4(b)(4). When "a criminal defendant files a notice of appeal after the ten day deadline of Rule 4(b), but before the additional thirty day period for requesting extensions has expired, the district court should treat the notice as a request for an extension." *United States v. Batista*, 22 F.3d 492, 493 (2d Cir. 1994). "If the district court decides to grant an appropriate extension then the notice of appeal will become effective *nunc pro tunc*." *Id.* at 494.

The Court entered its Order on October 2, 2022. Dkt. No. 566. Mr. Krasniqi's notice of appeal was docketed on October 17, 2022. Dkt. No. 567. To the extent that the notice was filed untimely, it was not by much. While the Order specifically directed the Clerk of Court to mail a copy of the Order to Mr. Krasniqi, the Court does not see a reference on the docket showing that the Clerk of Court complied with that direction. Because there is no clear evidence on the docket showing that the Order was mailed to Mr. Krasniqi, the Court finds good cause to extend the deadline for Mr. Krasniqi to file his notice of appeal of the Order.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). Mr. Griffin has not made a substantial showing of the denial of a constitutional right, so the Court denies a certificate of appealability under 28 U.S.C. § 2253.

The Clerk of Court is directed to terminate the motions pending at Dkt. Nos. 569 and 570 and to mail a copy of this order to Mr. Krasniqi.

SO ORDERED.

Dated: November 13, 2020
New York, New York

_____
GREGORY H. WOODS
United States District Judge